VALLDEJULY & SEGARRA, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Respondent and Appellee.

No. 12119.   Resubmitted June 10, 1961.—Decided June 29, 1961.

*F. M. Susoni, Jr.* for appellant.   *J. B. Fernández Badillo, Secretary of Justice* and *J. C. Santiago Matos, Assistant Attorney General,* for respondent.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The special partnership Valldejuly & Segarra was dissolved in February 1944 after having conveyed all its assets and liabilities to the corporation "Comercial Valldejuly & Segarra Ltd." On June 15, 1948, former Treasurer of Puerto Rico, Rafael Buscaglia, requested Valldejuly & Segarra to pay 2% on certain sales made by them in their principal store at Ponce and in its branches at Salinas and Coamo during the period between August 4, 1934 and June 30, 1939. The appellant company paid said excises under protest and requested the refund thereof. The former Treasurer denied

said refund as well as the corresponding administrative hearing, and the appellant company appealed to the former Tax Court of Puerto Rico. During the proceedings in said court, the appellant partnership answered an interrogatory submitted by the present Secretary of the Treasury admitting that "The Valldejuly & Segarra Company" was dissolved because it transferred all its assets and liabilities to a corporation "Comercial Valldejuly & Segarra Ltd. in February 1944."

By virtue of this admission, the Secretary of the Treasury moved for summary judgment in his favor on the ground that the company having been dissolved and having transferred its assets and liabilities to the "Comercial Valldejuly & Segarra Ltd.," the appellant company lacked standing to claim the refund, because said refund was, when claimed, property of the new corporation, and that the latter having failed to demand reimbursement within the four years counted from the payment of the excise tax, the claim had prescribed. The Tax Court of Puerto Rico entered summary judgment in favor of the Secretary of the Treasury.

■■ On appeal, the appellant alleges that the payment of the excises by the dissolved partnership sets forth "a clear act of liquidation to explain the liabilities of the corporation for the benefit of its members," that is, that upon making said payment the dissolved partnership acted as liquidator of its own business. We do not agree. This Court decided recently that the liquidation does not lie when the dissolution of the partnership is accompanied, as in the present case, by a conveyance in bloc of the assets and liabilities of the company: *Heirs of Sánchez* v. *Mercantil Fernández, Sucrs., ante,.* p. 123.

This is a question of a payment made by a partnership or persons who had no reason for making such payment. If it was not made against the express will of the debtor, something which is difficult to presume in a case such as this, the

appellant company may recover from the new corporation in so far as the payment has been useful to it: Section 1112 of the Civil Code of Puerto Rico.

The judgment appealed from is affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Pérez Pimentel and Mr. Justice Serrano Geyls concur in the result.

Mr. Justice Santana Becerra and Mr. Justice Blanco Lugo did not participate herein.